IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
OWNERS INSURANCE COMPANY,      )
et al.,                        )
                               )
            Plaintiffs,        )
                               )
     v.                        )    No.  08 C 4201
                               )
COMPLETE MECHANICAL SERVICES, INC.,)
et al.,                        )
                               )
            Defendants.        )
```

<u>MEMORANDUM OPINION AND ORDER</u>

In this action by two insurers seeking a declaratory judgment as to their obligation (more accurately their asserted lack of obligation) to provide defenses in a number of actions arising out of the same congeries of facts, one of them--coplaintiff Owners Insurance Company ("Owners")--has moved for a default judgment against one of the three defendants, Thomas Flynn ("Flynn"). For the reasons stated in this memorandum opinion and order, Owners' motion is granted.

To begin with, the early entry of a default order (short of a judgment) has posed no difficulty. In that respect Flynn had executed a waiver of service form that expressly stated that any failure on his part to file a timely responsive pleading could give rise to a default:

> A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be

taken against that defendant.

Yet, having done so, Flynn has since ignored this lawsuit entirely (to and including his nonappearance this week in response to Owners' notice of presentment of the current motion).

That default order has brought into possible play the entry of a default judgment under Fed. R. Civ. P. ("Rule") 55(b)(2)--see, e.g., Sun v. Bd. of Trs. of Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007) and cases cited there.  As Sun, id. has said, default judgments are "appropriate only when a party willfully disregards pending litigation."  Flynn has done just that, and the possibility of such a judgment order calls for a review of the merits of Owners' claim against him.

In this instance the underlying dispute as to which possible insurance coverage is in issue relates to an action brought against Flynn before the Illinois Human Rights Commission by Michael Ehrhardt ("Ehrhardt," who has also been joined here as a party defendant, but solely as "a nominal but interested party" sought "to be bound by the judgment to be rendered in this cause" (Complaint ¶8)).  Ehrhardt's claim is one of "hostile environment sexual harassment," predicated entirely on asserted intentional misconduct on Flynn's part.

In sharp contrast, Owners' policy at issue in this case--a policy issued to Complete Mechanical Services, Inc. ("Complete,"

also named as a defendant here)[1]--affords, as the only potentially relevant coverage applicable to Flynn, coverage that extends solely to <u>accidental</u> conduct. On that score a review of some of the policy's potentially relevant provisions is in order.

Owners has several arrows in its quiver in that regard. For one thing, the potentially relevant coverage extends only to "bodily injury" and "property damage," and Owner asserts that neither of those terms fairly describes the type of claim asserted by Ehrhardt against Flynn. Although that contention obviously has considerable force, it need not be explored further because the Ehrhardt-Flynn dispute clearly founders on other coverage shoals. Nor is it necessary to parse Owners' less persuasive argument (1) that the policy excludes coverage when "bodily injury" is suffered by an insured company's employee "arising out of and in the course of employment by the insured" and (2) that the claimed harassment of Ehrhardt by Flynn does not fit within that language.

Instead Owners properly (and principally) emphasizes that its policy coverage extends only to "bodily injury" or "property damage" that "is caused by an 'occurrence'" (Policy Coverage A ¶1.b.(1)). In addition, the policy's specific exclusions from coverage include "'Bodily injury' or 'property damage' expected

---

[1] Both Flynn and Ehrhardt were employees of Complete at the time involved in Ehrhardt's charges, with Flynn being Ehrhardt's supervisor.

3

or intended from the standpoint of the insured" (Policy Coverage A ¶2.a).

In those respects Owners correctly submits that Illinois courts have consistently defined an "occurrence" to be "an accident involv[ing] the consideration of whether the injury was expected or intended from the standpoint of the insured" (State Farm Fire & Cas. Co. v. Watters, 268 Ill.App.3d 501, 506, 644 N.E.2d 492, 496 (5th Dist. 1994)--and see other cases cited in that opinion to the same effect).  All of the egregious conduct that Ehrhardt has ascribed to Flynn is plainly the antithesis of "an accident," as well as being the antithesis of any conduct causing an injury that could be classified as "expected or intended from the standpoint of the insured."  Instead Flynn's charged conduct unquestionably constituted intentional behavior that falls totally outside of the scope of an "occurrence" for purposes of policy coverage.

In sum, Owners has no obligation to defend Flynn in connection with Ehrhardt's proceeding before the Illinois Human Rights Commission.  This Court so holds and declares, and a default judgment is entered in favor of Owners and against Flynn in that respect.  Finally, this Court finds pursuant to Rule 54(b) that there is no just reason for delay, and it expressly directs the entry of a final judgment as to Flynn even though other claims remain pending against Complete (see, e.g.,

4

Doe v. City of Chicago, 360 F.3d 667, 668-69 (7th Cir. 2004)).

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: October 31, 2008